**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACQUELINE M. SEWELL, individually and in her capacity as Executrix of the Esetate of GREGSON R. SEWELL, deceased,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY LIFE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 3:11-01721<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 16.) Plaintiff seeks to file an amended complaint to assert a claim for bad faith against Defendant Liberty Life Insurance Company for the denial of accidental death benefits under the terms of an insurance policy.  Defendant argues that leave should be denied on the basis that the proposed amendment would be futile. (Doc. 20.)  Because Plaintiff's proposed bad faith claim is premised on Defendant's conduct in drafting the accidental death benefit insurance policy, as opposed to the unreasonable and intentional denial of benefits, Plaintiff's proposed amendment will be denied as futile.

**Background**

Plaintiff Jacqueline M. Sewell brings this action individually and as the Executrix of the Estate of Gregson R. Sewell, her deceased son. (Am. Complaint, ¶ 3.)  Defendant Liberty Life Insurance Company issued a policy (the "Policy") of accidental death benefit insurance to Mr. Sewell. (Am. Complaint, ¶ 4.)  Mr. Sewell died as the result of a fire in his home on January 18, 2011. (Am. Complaint, ¶ 5.)

Plaintiff commenced this breach of contract action on September 15, 2011 after Defendant refused to pay benefits under the Policy. (Doc. 1.)  On October 31, 2011, Defendant filed an Answer to Plaintiff's Complaint with Affirmative Defenses. (Doc. 7.) Subsequently, on February 28, 2012, Plaintiff filed a Motion for Leave to File an Amended

Complaint. (Am. Complaint.)  Plaintiff's proposed Amended Complaint adds a bad faith claim against Defendant. (Doc. 16.)  Defendant opposes the proposed amendment on the basis that amendment would be futile. (Am. Complaint.)

As set forth in the proposed Amended Complaint, Defendant, an insurance company doing business in Pennsylvania, was bound by Pennsylvania's insurance laws. (Am. Complaint, ¶ 12.)  Plaintiff argues that Exclusions (h) and (i)[1] of the Policy are over broad and violate the permissible exclusion set forth in 40 P.S. § 753(B)(11), which states: "Intoxicants and Narcotics: The insurer shall not be liable for any loss sustained or contracted in consequence of the insured's being intoxicated, or under the influence of any narcotic unless administered on the advice of a physician." 40 P.S. § 753(B)(11).  Because the Policy's terms "are less favorable to the insured and/or beneficiary than they are to the insurer," Defendant's denial of benefits amounts to bad faith conduct as described in 42 Pa. C.S.A. § 8371 (Am. Complaint, ¶¶ 21-26.)  Furthermore, Plaintiff asserts that Defendant's continued denial of benefits pursuant to an alleged cancellation of the Policy amounts to bad faith because Defendant failed to follow the specific notice requirements prior to cancellation of an insurance policy as set forth in 40 P.S. § 753(B)(8).

Defendant, however, argues that Plaintiff's proposed Amended Complaint fails to state a bad faith claim. (Doc. 20.)  Specifically, Defendant argues that amendment would be futile because "Liberty Life cannot be said to have acted in bad faith as a result of its reliance upon the exclusions in the Policy." (Doc. 20.)  Plaintiff's Motion for Leave to File an Amended Complaint has been fully briefed and is now ripe for disposition.

---

[1] These Exclusions provide that: "[a] Benefit will not be payable under this Certificate if your Accidental Death results directly or indirectly from: (h) injury occurring while under the influence of alcohol; or (i) injury occurring while under the influence of any drug, narcotic, or controlled substance unless administered on the advice of a physician and taken in the dosage prescribed." (Am. Complaint, ¶¶ 18-19.)

2

**Legal Standards**

A.  **Motion to Amend Pleadings**

Under Federal Rule of Civil Procedure 15(a)(1)(B), "a party may amend its pleadings with . . . the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). It is within the sound discretion of the trial court to determine whether a party shall have leave to amend pleadings out of time. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir.1981). However, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir.1993); *Cornell & Co., Inc. v. OSHRC*, 573 F.2d 820, 823 (1978). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz*, 1 F.3d at 1414 (citing *Heyl*, 663 F.2d at 425).

The most pertinent issue here is whether Plaintiff's proposed amendment to her Complaint is futile. An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996)). "The standard for assessing futility is the "same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) citing (*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000)). Thus, the Court must take all

"pleaded allegations as true" and view "them in a light most favorable to the plaintiff." *Winer Family Trust v. Queen*, 503 F.3d 319, 330–31 (3d Cir.2007)

**B.   Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000).

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir.2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*.

Dismissal is therefore only appropriate if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations " 'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

4

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

**Discussion**

Plaintiff's proposed Amended Complaint seeks to add a bad faith claim against Defendant. (Am. Complaint.) Defendant opposes Plaintiff's proposed amendment arguing that the amendment should be barred as futile. (Doc. 20.) In opposition, Plaintiff asserts that "the Pennsylvania legislature has identified language that may be included in an insurance policy," and that the Policy contains provisions that are overly broad in violation of 40 P.S. §§ 753(B)(8), (11). (Doc. 21.) As a result, Plaintiff argues that Defendant's interpretation of the Policy "constitutes bad faith conduct as it is used in 42 Pa. C.S.A. § 8371." (Am. Complaint, ¶ 25.)

Section 8371 states:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa. Con. Stat. § 8371.

In order to state a bad faith insurance claim, Plaintiff must allege that: "(1) Defendant did not have a reasonable basis for denying benefits under the Policy and (2) Defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 505 (3d Cir. 2004) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa. Super. 108, 649 A.2d 680, 688 (Pa. Super. 1994)); *Fasanya v. Allstate Indem. Co*, 33 F. App'x 593, 595 (3d Cir. 2002); *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997). And, "the essence of a bad

faith claim [is] the unreasonable and intentional (or reckless) denial of benefits." *UPMC Health Sys.*, 391 F.3d at 506. Stated differently, "§ 8371 applies to the bad faith handling or payment of claims or benefits under an insurance policy and *does not apply to a dispute over contract terms*." *Belmont Holdings Corp. v. Unicare Life & Health Ins. Co.*, No. Civ. A. 98-2365, 1999 WL 124389, at *3 (E.D. Pa. Feb. 5, 1999) (emphasis added).

Here, the Court construes Plaintiff's proposed bad faith claim as alleging Defendant drafted an insurance policy inconsistent with Pennsylvania's statutory mandates governing insurance policies. (Am. Complaint, ¶¶ 11-24.)[2] Recently, Judge Robreno of the United States District Court for the Eastern District of Pennsylvania addressed a similar claim premised on the defendant's "bad faith in its drafting of the [insurance] policy." *Mitch's Auto Serv. Ctr., Inc. v. State Auto Mut. Ins. Co.*, No. 10-3413, 2011 WL 5042480, at *1 (E.D. Pa. Oct. 24, 2011). In *Mitch's Auto*, the plaintiffs argued that the defendant engaged in bad faith by drafting "a confusing and contradictory policy of insurance." *Id*. at *7.

According to Judge Robreno, the plaintiffs' "apparent claim that the drafting of policy language itself was in bad faith is not actionable under Pennsylvania law." *Id*. In particular, although courts applying Pennsylvania law have extended bad faith beyond the denial of claims, these cases all involved "bad faith claims related to specific conduct of the insurer *following* the issuance of a policy." *Id*. at *7 (citing *W.V. Realty, Inc. v. Northern Ins. Co.*, 334 F.3d 306, 317–18 (3d Cir.2003) (bad faith actionable for failing to follow internal guidelines); *Bonenberger v. Nationwide Mut. Ins. Co.*, 791 A.2d 378, 381 (Pa.Super. 2002) (bad faith actionable for failing to follow Nationwide's Pennsylvania Best Claims Practice Manual); *O'Donnell ex rel. Mitro v. Allstate Ins.*, 734 A.2d 901, 906 (Pa.Super. 1999) (bad faith may occur from litigation misconduct); *Liberty Mut. Ins. Co. v. Marty's Exp., Inc.*, 910 F.Supp. 221 (E.D.Pa.1996) (extending bad faith to insurer's rating and collecting of premiums in accordance with retrospective policy)). Thus, because the plaintiffs failed to

---

[2] This is so because Plaintiff focuses on the Policy's language, and its alleged inconsistencies with 40 P.S. §§ 753(B)(8), (11), as opposed to Defendant's refusal to comply with the express terms of the Policy.

6

identify any cases holding that the drafting of a confusing insurance policy to be actionable as a bad faith claim, Judge Robreno granted summary judgment to the defendant on Plaintiff's bad faith claim. *Id*. at *10.

The Court agrees with the approach applied by Judge Robreno in *Mitch's Auto*. Here, it is clear that Defendant's alleged bad faith is predicated on its failure to draft a Policy consistent with 40 P.S. § 753.[3] Plaintiff does not set forth that Defendant acted in bad faith regarding its compliance with the terms of the Policy *as written*.[4] Instead, Plaintiff raises a dispute over the provisions of the Policy, and whether these provisions violate Pennsylvania law.[5] And, because Pennsylvania courts have never recognized a bad faith drafting claim, Plaintiff has failed to state a viable cause of action. Plaintiff's proposed amendment is therefore futile.

---

[3] Although Plaintiff argues that Defendant acted in bad faith in denying and/or refusing to pay Plaintiff's claim, absent from Plaintiff's proposed Amended Complaint are any allegations that Defendant deviated from the Policy's express terms. That is, the allegations all involve conduct occurring before, or contemporaneously with, the issuance of the policy, as Plaintiff argues that Defendant engaged in bad faith by issuing a policy with provisions inconsistent with 40 P.S. §§ 753(B)(8), (11). (Am. Complaint, ¶¶18-20.) Thus, "while the Complaint alleges bad faith use of this policy, Defendant will of course use the policy it drafted. Accordingly, Plaintiff's allegation is better viewed, and its briefing in this motion confirms this view, that Defendant's bad faith was in its drafting of the Policy." *Mitch's Auto*, 2011 WL 5042480, at *7 n.12.

[4] And, if Defendant adhered to the terms of the Policy, it is likely that Defendant had a "reasonable basis for denying benefits." *See, e.g., UPMC Health Sys.*, 391 F.3d at 505; *Terletsky*, 649 A.2d at 688.

[5] This is not to foreclose the possibility that a bad faith claim could be established if an insurer engaged in the practice of intentionally issuing insurance policies in direct contravention of Pennsylvania's statutory requirements. It is simply the case here that Plaintiff has failed to state any non-conclusory allegations to support such a theory.

7

## Conclusion

For the above stated reasons, Plaintiff's motion for leave to file an amended complaint will be denied.

An appropriate order follows.

 April 25, 2012                                                 /s/ A. Richard Caputo  
Date                                                                    A. Richard Caputo  
                                                                                  United States District Judge